1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   JESUS BETANZO BASILIO,              No.  2:16-cv-00392-JAM-EFB

12                  Plaintiff,

13        v.                             **ORDER GRANTING IN PART AND
                                         DENYING IN PART DEFENDANTS'**
14   CITY OF FAIRFIELD, CITY OF          **MOTION TO DISMISS**
     FAIRFIELD POLICE DEPARTMENT,
15   WALT TIBBET, DOES 1-100,

16                  Defendants.

17

18        Plaintiff Jesus Betanzo Basilio ("Plaintiff") sued the City

19   of Fairfield ("the City"), the Fairfield Police Department

20   ("FPD"), and the FPD Police Chief Walt Tibbet ("Tibbet")

21   (collectively "Defendants") for civil rights and state law

22   violations arising out of the arrest and detention of Plaintiff

23   by FPD officers.  Second Amended Complaint ("SAC"), ECF No. 28.

24   Defendants move to dismiss the first four claims in Plaintiff's

25   SAC.  ECF No. 30.  Plaintiff opposes the motion.  ECF No. 32.[1]

26   _____

27   [1] This motion was determined to be suitable for decision without
     oral argument.  E.D. Cal. L.R. 230(g).  The hearing was
28   scheduled for February 7, 2017.

                                    1

1        I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

2        The Court takes the facts alleged by Plaintiff as true for

3   purposes of this motion.

4        FPD officers arrested Plaintiff, a Mexican-American male

5   and a minor at the time, at his home in February 2014.  SAC

6   ¶ 15.  The officers approached Plaintiff and yelled at him to

7   "get on the floor."  Id. ¶ 16.  Plaintiff complied with the

8   officers' requests.  Id.  The officers slammed their knees into

9   Plaintiff's neck, shoulder, and face.  Id.  Some of the officers

10  kicked Plaintiff in the temple.  Id.  Plaintiff did not resist

11  arrest as the officers kicked him.  Id.

12       One officer searched Plaintiff and forcefully pulled on

13  Plaintiff's testicles.  Id. ¶ 19.  The officer placed Plaintiff

14  in the back of his patrol car.  Id.  While in the patrol car,

15  Plaintiff told officers he did not feel well and his head hurt.

16  Id. ¶ 23.

17       The officers took Plaintiff to the police station and into

18  an interrogation room.  Id. ¶ 25.  Plaintiff told police

19  officers his head and shoulder hurt, he needed aspirin, and

20  needed to go the hospital.  Id. ¶ 26.  The officers did not take

21  Plaintiff to the hospital and left him in the room for two

22  hours.  Id.  Plaintiff fainted in the interrogation room.  Id.

23       After a "long wait," two officers entered the room to ask

24  Plaintiff about a suspect in a shooting.  Id. ¶ 27.  Plaintiff

25  told the officers he "had no gang relations."  Id.  Plaintiff

26  spent four hours in the interrogation room, after which officers

27  took him to a hospital.  Id. ¶¶ 29, 30.

28  ///

2

1    Plaintiff's SAC contains six claims for relief:

2  (1) excessive force under 42 U.S.C. § 1983, (2) denial of

3  medical care under § 1983, (3) denial of medical care under

4  California Government Code § 845.6, (4) violation of the Bane

5  Act, (5) battery, and (6) false imprisonment.  Id. at 1.

6  Defendants move to dismiss Plaintiff's first through fourth

7  claims.  Mot. at 4-12.

8                        II.   OPINION

9       A.   Dismissal of Fairfield Police Department

10    Courts in this district have consistently held that

11  subdivisions of a defendant city, such as a police department,

12  are unnecessary and redundant defendants.  Brouwer v. City of

13  Manteca, 2008 WL 2825099, at *3 (E.D. Cal. Jul. 21, 2008);

14  Herrera v. City of Sacramento, 2013 WL 3992497, at *2 (E.D. Cal.

15  Aug. 2, 2013).  The Court therefore dismisses the FPD with

16  prejudice given that the City has been named as a defendant in

17  this case.  The Court notes that Plaintiff has not named or

18  served any individual officers; Tibbet and the City are the only

19  defendants.

20       B.   Request for Judicial Notice

21    Defendants' Request for Judicial Notice, ECF No. 30-1, is

22  denied with the exception that the Court recognizes the existence

23  of a jury verdict and the two referenced orders filed in the Hall

24  v. City of Fairfield case.

25       C.   First Claim for Relief: Excessive Force

26    Plaintiff brings his first cause of action for excessive

27  force under the Fourth Amendment.  SAC at 8.  Defendants argue

28  the Court should dismiss the excessive force claim as brought

                                3

1  against Tibbet and the City.

2        1.   § 1983 Excessive Force Claim Against Tibbet

3        "[A] supervisory official can be found liable in his

4  individual capacity if there is a sufficient nexus between his

5  own conduct and the constitutional violations committed by

6  subordinates."  Johnson v. City of Vallejo, 99 F. Supp. 3d 1212,

7  1219 (E.D. Cal. 2015).  "In a section 1983 claim, a supervisor

8  is liable for the acts of his subordinates if the supervisor

9  participated in or directed the violations, or knew of the

10 violations of subordinates and failed to act to prevent them."

11 Id. (internal quotation marks and citations omitted).

12       Defendants argue "Plaintiff's SAC adds no facts to cure the

13 defects in his prior complaint, and his factually unsupported,

14 vague conclusions are insufficient to withstand dismissal of his

15 supervisory liability claim against Chief Tibbet."  Mot. at 5.

16       Plaintiff responds that "Defendants fail to

17 acknowledge . . . paragraphs 41 through 48 of the SAC . . .

18 which add[] numerous facts to support Plaintiff's claims for

19 failure to train."  Opp'n at 5.  Paragraph 43 of the SAC states

20 that Tibbet failed to (1) discipline officers following previous

21 violations of constitutional rights of suspects, and

22 (2) "adopt[] policies regarding obtaining medical care for

23 detainees who complain of serious injuries."  SAC ¶ 43.

24       Plaintiff again fails to support his allegations against

25 Tibbet with any facts.  The dearth of underlying facts to

26 support Plaintiff's conclusory allegations that Tibbet failed to

27 discipline officers or implement certain policies suggests that

28 these allegations are mere speculation.  Given the absence of

4

1   such facts, the Court grants Defendants' motion to dismiss

2   Plaintiff's first claim as brought against Tibbet.  The Court

3   finds that Plaintiff has been given enough opportunities to

4   properly plead this claim and that any further attempt would be

5   futile.  The excessive force claim against Tibbet is therefore

6   dismissed with prejudice.

7

8        2.   § 1983 Excessive Force Claim Against the City

9        Defendants argue the Court should dismiss Plaintiff's first

10  claim as brought against the City because Plaintiff does not

11  allege a policy, ratification, or inadequate training sufficient

12  to impose Monell liability on the City.  Mot. at 6-11.

13             a. Policy, Practice or Custom

14       Plaintiff alleges the City "has had several incidents that

15  show a pattern, policy and custom in violation of federal and

16  state law."  SAC ¶ 12.  Plaintiff cites to Hall et al v. City of

17  Fairfield et al, 2:10-cv-00508-DB, arguing Hall represents a

18  "sample" of cases "showing that [FPD] has a pattern of excessive

19  force that has spanned over several years."  Id. ¶¶ 12, 14.

20       The City contends that Plaintiff's reliance on Hall is

21  misplaced and that the SAC fails to show how this one single

22  case demonstrates that the City had a pattern, policy, or custom

23  that led to the deprivation of Plaintiff's constitutional

24  rights.  Mot. at 7. The Court agrees.  There are also no facts

25  in the SAC that explain how Hall even relates to the instant

26  case and Plaintiff's citation to Hall shows only that a prior

27  lawsuit was filed and a jury verdict resulted on some issue.

28       Plaintiff's SAC does not satisfy Monell's factual barrier

1   nor does it contain sufficient facts which prove that the

2   Defendants caused the deprivation of Plaintiff's federal rights.

3   Rather, Plaintiff's factually devoid conclusions against the

4   City cannot withstand this motion to dismiss.  See Starr v.

5   Baca, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[A]llegations in a

6   complaint . . . may not simply recite the elements of a cause of

7   action, but must contain sufficient allegations of underlying

8   facts to give fair notice and to enable the opposing party to

9   defend itself effectively.").

10      Plaintiff has not provided the underlying facts necessary

11  to support his contention that the City had an unconstitutional

12  policy or custom.  Plaintiff's § 1983 excessive force claim

13  against the City cannot proceed on an unconstitutional policy

14  theory.

15              b.   Ratification

16      Defendants also argue Plaintiff has not properly alleged a

17  ratification claim against the City in the first claim for

18  relief.  Mot. at 9.

19      "To prove Monell liability based on ratification, the

20  plaintiff must show that the final policymaker in question had

21  knowledge of the constitutional violation and actually approved

22  of it.  A mere failure to overrule a subordinate's actions,

23  without more, is insufficient to support a section 1983 claim."

24  Kyles v. Baker, 72 F. Supp. 3d 1021, 1044 (N.D. Cal. 2014)

25  (internal quotation marks and citations omitted).  "The final

26  policymaker's response to the subordinate's unconstitutional

27  conduct must amount to more than acquiescence; he or she must

28  have affirmatively approved both the subordinate's decision and

6

1  the basis for it."  Id.

2      Defendants argue "Plaintiff's SAC states no facts showing

3  the City knew of unconstitutional conduct by any of the

4  officers, before the alleged acts were completed, and approved

5  it."  Mot. at 10.  Plaintiff responds that he has stated a

6  ratification claim against the City "based on its failure to

7  discipline Fairfield Police Officers for their conduct during

8  the incident or retrain them or their supervisors."  Opp'n at 9.

9      "[F]or there to be ratification, there must be 'something

10 more' than a single failure to discipline or the fact that a

11 policymaker concluded that the defendant officer's actions were

12 in keeping with the applicable policies and procedures."  Garcia

13 v. City of Imperial, 2010 WL 3911457, at *2 (S.D. Cal. Oct. 4,

14 2010); see also Alegrett v. City & Cty of S.F., 2014 WL 1911405,

15 at *9 (N.D. Cal. May 13, 2014) ("[F]ailure of a police

16 department to discipline in a specific instance is not an

17 adequate basis for municipal liability.").

18     Plaintiff's ratification claim rests solely on Plaintiff's

19 contention that Tibbet failed to discipline the involved

20 officers for use of excessive force against Plaintiff.  As

21 multiple district courts have stated, however, a single failure

22 to discipline does not give rise to municipal liability.

23 Plaintiff's § 1983 excessive force claim cannot proceed on a

24 ratification theory.

25              c.   Inadequate Training

26     Defendants next argue that Plaintiff's first claim for

27 relief against the City fails to the extent it is based on an

28 inadequate training theory.  Mot. at 7.

1    To state a Monell claim based on inadequate training, a

2  plaintiff must allege facts "establishing what the training

3  practices were, how these practices were deficient, [and] how

4  the practices caused [the plaintiff's] harm."  Eng v. Pac.

5  Clinics, 2013 WL 12129611, at *5 (C.D. Cal. May 17, 2013); see

6  also Young v. City of Visalia, 687 F. Supp. 2d 1141, 1150 (E.D.

7  Cal. 2009) ("[W]ithout identifying the training and hiring

8  practices, how those practices were deficient, and without an

9  identification of the obviousness of the risk involved, the

10  Court cannot determine if a plausible claim is made for

11  deliberately indifferent conduct.").  Additionally, a "single

12  incident is insufficient to establish a program-wide inadequacy

13  in training."  Eng, 2013 WL 12129611, at *5.

14    Plaintiff does not identify any specific training policies

15  or how such policies caused his harm.  Plaintiff's § 1983 claim

16  against the city cannot proceed on a failure to train theory.

17    Having found that the first claim for relief against the

18  City cannot proceed on any of Plaintiff's theories, the Court

19  grants Defendants' motion to dismiss Plaintiff's § 1983

20  excessive force claim against the City. The Court finds that

21  further amendment would be futile and dismissal is granted with

22  prejudice.

23    D.    Second Claim for Relief: Failure to Provide Medical
            Services
24

25    Plaintiff brings his second claim against the City only.

26  SAC at 11.  Because Plaintiff brings his second claim against

27  the City under § 1983, he must properly allege the existence of

28  a City policy or practice that resulted in the violation of his

8

1   constitutional rights. <u>Austin v. Cty of Alameda</u>, 2015 WL

2   7180616, at *1 (N.D. Cal. Nov. 16, 2015).

3      Plaintiff alleges "[FPD] Officers, including the Doe

4   Defendants, failed to provide Plaintiff medical care in the wake

5   of the beating despite Plaintiff's extensive injuries." <u>Id.</u>

6   ¶ 52.  Plaintiff states he can hold the City liable for failure

7   to provide medical care because:

8        Plaintiff's claims against Defendant CITY, are based
       [on] the fact that the officers had a deliberate
9        indifference to his serious medical needs.  The
       Officers were aware that the Plaintiff fainted, had
10       numbness and pain and disregarded the excessive risk
       their actions had on the Plaintiff's health and
11       safety.  The Plaintiff has shown that there is a
       pattern of this indifference in <u>Hall</u>, Supra.  The
12       Defendants were aware of the inadequate medical care
       provided to inmates and detainees in the custody.  On
13       information and belief, instead of taking proper steps
       to provide for proper medical care for Plaintiff,
14       Defendants ignored the problem and condoned,
       encouraged, fostered and/or ratified the denial of
15       proper medical care.  Plaintiff is further informed
       and believes and thereon alleges that and Defendants
16       have ratified the Defendants' unconstitutional conduct
       towards Plaintiff.
17

18   SAC ¶ 58.

19      While Plaintiff alleges facts that could potentially

20   support a deliberate indifference claim against one of the

21   individual officers, Plaintiff fails to allege a *policy* or

22   *practice* of deliberate indifference.  The only facts Plaintiff

23   provides to support the allegation of a policy or practice is

24   his own experience with the FPD.  As stated by the Court in its

25   previous order, this single instance cannot support the

26   allegation that the City had a policy or practice of acting

27   deliberately indifferent to the medical needs of those in

28   custody.  7/14/16 Order at 9, ECF No. 18 (citing <u>Gaines v. Cty.</u>

1  of L.A., 2014 WL 2042243, at *5 (C.D. Cal May 16, 2014)).  The

2  Court therefore, once again, dismisses Plaintiff's second claim.

3  Dismissal is granted without leave to amend given that further

4  amendment would be futile.

5          E.    Third Claim for Relief: § 845.6

6          Plaintiff alleges the City violated California Government

7  Code § 845.6.  SAC ¶ 67.  Section 845.6 states:

8          Neither a public entity nor a public employee is
          liable for injury proximately caused by the failure of
9          the employee to furnish or obtain medical care for a
          prisoner in his custody; but . . . a public employee,
10          and the public entity where the employee is acting
          within the scope of his employment, is liable if the
11          employee knows or has reason to know that the prisoner
          is in need of immediate medical care and he fails to
12          take reasonable action to summon such medical care.

13  Cal. Gov't Code § 845.6.

14          "[T]o state a claim under § 845.6, a prisoner must

15  establish three elements: (1) the public employee knew or had

16  reason to know of the need (2) for immediate medical care, and

17  (3) failed to reasonably summon such care."  Jett v. Penner, 439

18  F.3d 1091, 1099 (9th Cir. 2006).  Defendants contend that the

19  SAC states no facts showing these elements have been met.

20          In response, Plaintiff argues he has established the first

21  two elements in his SAC because he "not only informed the

22  officers that he had a headache, asked for medical treatment and

23  medication; he was also shaking visibly, fainted, and reported

24  feeling numbness [and] dizziness."  Opp'n at 13.  Plaintiff

25  alleges that despite such indications of medical need, the

26  officers waited several hours before taking him to the hospital.

27  SAC ¶ 30.  These allegations are clearly sufficient to satisfy

28  the first two elements.

10

1    As to the third element, Plaintiff has shown that because
2  he was visibly shaking and had suffered blows to the head, at
3  least one of the police officers had reason to know of his need
4  for medical care.  It is also clear that the officers failed to
5  reasonable summon care because they did not take Plaintiff to
6  the hospital until at least five hours after detaining him.

7    Plaintiff's SAC contains sufficient allegations to maintain
8  this claim for relief and the Court denies the City's motion to
9  dismiss.

10   F.   Fourth Claim for Relief: Bane Act

11   Plaintiff brings his fourth claim for violation of the Bane
12 Act against the City only.  SAC at 15.

13   The Bane Act creates a right of action where "a
14 person . . . whether or not acting under the color of law,
15 interferes by threat, intimidation, or coercion, or attempts to
16 interfere by threat, intimidation, or coercion" with a right
17 secured by federal or state law.  Cal. Civ. Code § 52.1(a).
18 Because a public entity may be held liable under California law
19 for injuries caused by its employees, the City can be held
20 liable under the Bane Act if the acts of the police officers
21 themselves give rise to a Bane Act claim. See Morse v. Cty. of
22 Merced, 2016 WL 3254034, at *6 (E.D. Cal. Jun. 13, 2016).

23   In a previous order in this case, this Court held that in
24 *wrongful detention* cases, a plaintiff must show threats,
25 coercion, or intimidation independent from the coercion inherent
26 in the wrongful detention itself to successfully plead a Bane
27 Act claim.  7/14/16 Order at 10.  This Court later held,
28 however, that "a plaintiff bringing a Bane Act *excessive force*

1   claim need not allege a showing or coercion independent from the

2   coercion inherent in the use of force." <u>A.C. v. Griego</u>, 2016 WL

3   5930592, at *4 (E.D. Cal. Oct. 12, 2016) (emphasis added).

4          While Defendants appear to believe that Plaintiff's Bane

5   Act claim is based only on Plaintiff's wrongful detention and

6   false imprisonment allegations, Plaintiff makes clear in his SAC

7   that he brings his Bane Act claim based on his excessive force

8   allegations rather than on his false imprisonment allegations.

9   Thus, Plaintiff need not allege any independent threats of

10  coercion.  The allegations of excessive force are sufficient for

11  Plaintiff to state a Bane Act claim against the City.  Thus, the

12  Court denies the City's motion to dismiss.

13

14                        III.   ORDER

15         The Court grants Defendants' motion to dismiss Plaintiff's

16  first two claims and denies the motion on Plaintiff's third and

17  fourth claims.  The Court denies Plaintiff leave to amend his

18  first and second claims.  Since Tibbet was named as a defendant

19  only in the first claim for relief, he is dismissed from this

20  action and the case will proceed only against the City on the

21  following claims for relief:

22         1.   Third claim for denial of medical care under Cal. Gov.

23  Code § 845.6;

24         2.   Fourth claim for violation of the Bane Act;

25         3.   Fifth claim for battery; and

26         4.   Sixth claim for false imprisonment.

27  ///

28  ///

1        The City shall file its Answer to the SAC within twenty

2    days of the date of this order.

3        IT IS SO ORDERED.

4    Dated: March 23, 2017

5

6    _____
     JOHN A. MENDEZ,
     UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28